**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
                                    :
TERRY TRAYLOR,                      :
                                    :        Civil No. 07-1883 (WJM)
              Petitioner,           :
                                    :
      v.                            :
                                    :              OPINION
STATE OF NEW JERSEY, et al.,        :
                                    :
              Respondents.          :
                                    :
```

**APPEARANCES:**

> TERRY TRAYLOR, Petitioner pro se
> #224
> Northern Regional Unit
> 30-35 Hackensack Avenue
> Kearny, New Jersey 07032

**MARTINI, District Judge**

This matter is before the Court on the petition of Terry Traylor ("Traylor") for habeas corpus relief under 28 U.S.C. § 2254, challenging his state court judgment of commitment under the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 et seq. Traylor also submitted an application to proceed as an indigent in this matter, and it appears that he qualifies for in forma pauperis status. For the reasons set forth below, the Court will dismiss this petition because it is a second or successive habeas petition. See 28 U.S.C. § 2244(b).

Dockets.Justia.com

## I.  BACKGROUND

On or about February 8, 2002, a final order of commitment was entered by the Honorable Phillip M. Freedman, J.S.C., against petitioner Traylor pursuant to N.J.S.A. 30:4-27.24.  (Petition, ¶ 30).  Traylor states that he was involuntarily committed on May 31, 2002, to the Special Treatment Unit in Kearny, New Jersey.  (Pet., ¶ 35).  He appealed from the judgment of commitment, and the New Jersey Appellate Division affirmed the trial court's ruling in a written opinion filed on July 12, 2004.  (Pet., ¶ 37).  The New Jersey Supreme Court denied certification on February 28, 2005.  (Pet., ¶ 38).

On or about November 7, 2005, Traylor filed a federal habeas petition, pursuant to 28 U.S.C. § 2254, challenging the same judgment of commitment at issue in this action.  Traylor v. Harvey, et al., Civil No. 05-5986 (JAP).  Traylor alleged claims that he received ineffective assistance of counsel during his commitment proceedings, and that he was denied due process and equal protection as guaranteed under the Fourteenth Amendment.[1]  After reviewing the petition, answer, and state court record, the

_____

[1]  The denial of due process claims allege that petitioner was denied the right to a probable cause hearing and to appeal an administrative decision, and that he was interviewed and transferred to a mental institution without benefit of counsel or hearing.  In his equal protection claim, Traylor argued that he was not advised of the consequences of entering his plea and that the plea would lead to involuntary commitment.  See Traylor v. Harvey, et al., Civil No. 05-5986 (JAP) at Docket Entry No. 1.

Honorable Joel A. Pisano, U.S.D.J., denied Traylor habeas relief in a written opinion and order filed on August 8, 2006.  See Traylor v. Harvey, et al., Civil No. 05-5986 (JAP) at Docket Entry Nos. 13 and 14.  Traylor appealed to the United States Court of Appeals for the Third Circuit.  On March 15, 2007, the Third Circuit denied Traylor's application for a certificate of appealability, finding that, for the reasons stated by the District Court, Traylor had not made a substantial showing of the denial of a constitutional right.  See Traylor v. Harvey, et al., Civil No. 05-5986 (JAP) at Docket Entry No. 18.

Traylor filed this habeas petition on or about April 19, 2007.[2]  The petition does not inform the Court of Traylor's earlier § 2254 petition.  Traylor raises nine claims in this second habeas petition: (1) that defendants' actions are arbitrary and capricious, contrary to the Fourteenth Amendment; (2) that defendants' actions violated petitioner's rights to

---

[2]  The petition was received by the Clerk's Office on April 23, 2007.  However, pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine from the face of the petition the exact date that Traylor handed his petition to prison officials for mailing, Traylor signed the petition on April 19, 2007.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).

procedural due process under the Fourteenth Amendment; (3) that defendants' actions are arbitrary and capricious, contrary to the New Jersey State Constitution, Art. 1, par. 1; (4) that defendants' actions violated petitioner's rights to procedural due process, contrary to the New Jersey State Constitution, Art. 1, par. 1; (5) that defendants' actions are arbitrary and capricious, contrary to the New Jersey State Constitution, Art. 12, par. 4; (6) that defendants' actions violated petitioner's rights to procedural due process, contrary to the New Jersey State Constitution, Art. 12, par. 4; (7) that the statutory criteria for petitioner's civil commitment is arbitrary and capricious without respect to prior commitment, in violation of the New Jersey State Constitution, Art. 12, par. 4; (8) that the statutory criteria for this civil commitment fails to provide adequate protection to the petitioner, without respect to his prior commitment, contrary to the due process protections of Fourteenth Amendment of the U.S. Constitution; and (9) that the statutory criteria for this civil commitment fails to provide adequate protection to the petitioner, without respect to his prior commitment, contrary to the due process protections of New Jersey State Constitution, Art. 1, par. 1.[3]  (Pet., ¶¶ 42-50).

---

[3]  The Court notes that six claims (# 3, 4, 5, 6, 7, and 9) are not cognizable in a § 2254 action because they raise only issues of state law violations, and not a denial of a federal constitutional right.

II.  <u>ANALYSIS</u>

A.  <u>Sua Sponte Dismissal</u>

"Habeas corpus petitions must meet heightened pleading requirements."  <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  <u>See</u> 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856; <u>see also</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025.

B.  <u>Petitioner's Claims for Habeas Relief</u>

Here, Traylor asserts nine claims challenging his 2002 state court judgment of civil commitment that were not raised in his first habeas petition.  He provides no explanation or excuse for these newly asserted claims.  Indeed, Traylor does not inform the

Court that he had filed an earlier § 2254 habeas petition, in which these claims could have been asserted.

Pursuant to 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in an earlier § 2254 petition must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2)(A), (B).

Moreover, the district court lacks jurisdiction to review a second or successive habeas petition under § 2254 unless the appropriate court of appeals has issued an order authorizing the district court to consider the application. 28 U.S.C. § 2244(B)(3)(A). Therefore, Traylor cannot proceed with his second or successive § 2254 habeas petition in this Court and his petition should be dismissed for want of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Thus, a second or successive § 2254

6

petition in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the United States Court of Appeals for the Third Circuit, has authorized such filing.  28 U.S.C. § 2244(b)(3)(A).

Here, under the circumstance presented, where Traylor raises issues that were not earlier presented in his first habeas petition, based on general claims of due process violations contrary to federal constitutional law that could have been asserted in petitioner's earlier § 2254 habeas petition, and based on state law claims not cognizable in a federal habeas action under § 2254, this Court finds that it is not in the interest of justice to transfer this matter to the Third Circuit for determination as to whether the second or successive petition satisfies the requirements under 28 U.S.C. § 2244(b)(2). Therefore, the petition will be dismissed for lack of jurisdiction.

III.  <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to petitioner bringing an application before the United States Court of Appeals for the Third Circuit for leave to file a second or successive § 2554

7

habeas petition, pursuant to 28 U.S.C. § 2244(b)(3).  An
appropriate order follows.

                                   s/William J. Martini

                           _____
                           WILLIAM J. MARTINI
                           United States District Judge

Dated: May 2, 2007